**Craig GREATHOUSE, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Defendant–Appellee.**

No. 03–1334.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 20, 2003.*

Decided Aug. 21, 2003.

Craig Greathouse, Oglesby, IL, Pro se.

Shefali Baltz, Social Security Administration, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before BAUER, KANNE, and EVANS, Circuit Judges.

### ORDER

Craig Greathouse has suffered from chronic back pain since a car accident in February 1997. The pain prevented him from returning to work as a truck driver and also contributed to his struggles with alcoholism and depression, which partly are attributable to deaths in his family and the financial strain of a failed business venture. In July 1997, Greathouse applied for Supplemental Security Income, 42 U.S.C. §§ 1602, 1614(a)(3)(A), alleging that his back pain prevented him from working entirely. The Social Security Administration denied his application initially and on reconsideration, and Greathouse requested a hearing before an Administrative Law Judge. After a hearing at which Greathouse was represented by counsel, the ALJ adjudged Greathouse "not disabled" because, according to the testimony of a vocational expert ("VE"), there are a significant number of jobs in Illinois that Greathouse could perform despite the physical limitations engendered by his injured back and the mental limitations caused by his depression and alcoholism. *See* 42 U.S.C. § 1382c(a)(3)(A),(B) (claimant "not disabled" if he or she can perform work that exists in national economy). The Administration's Appeals Counsel denied Greathouse's request for review of the ALJ's decision, terminating the Administration's decision-making process. Greathouse sought review in the district court,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

but a magistrate judge–to whose jurisdiction Greathouse and the Commissioner of Social Security consented–upheld the ALJ's judgment.

Now acting pro se, Greathouse appeals from the magistrate judge's decision. His appellate arguments do not, however, cause us to second-guess the reasoned and thorough opinion of the magistrate judge. Notably absent is any attack on the ALJ's conclusion that Greathouse could perform the jobs the VE said he could. That conclusion is the central fact in this case; we will reverse an ALJ's disability determination only if it is based on a misapprehension of the law or is not supported by "substantial evidence," and a VE's opinion that a claimant could perform a significant number of jobs in the national economy constitutes substantial evidence if it is grounded in a fair reading of the record evidence. *See, e.g., Sims v. Barnhart,* 309 F.3d 424, 432 (7th Cir.2002) (holding that vocational expert's testimony that there were jobs claimant could perform constituted substantial evidence); *Donahue v. Barnhart,* 279 F.3d 441, 444, 446–47 (7th Cir.2002) (holding that VE's unchallenged testimony was substantial evidence supporting ALJ's decision). Here, the ALJ queried the VE whether there were jobs that a hypothetical claimant with Greathouse's impairments could perform. The VE responded affirmatively, and described the jobs. As Greathouse does not contend that the ALJ's hypothetical misconstrued or overlooked some or all of his impairments–and our review of the record reveals that it did not–the VE's testimony constituted substantial evidence supporting the ALJ's determination that Greathouse was not disabled.

AFFIRMED.